# CASES

## SUPREME JUDICIAL COURT

## CUMBERLAND.

### NOVEMBER TERM,

### 1821.

---

### SOUTHGATE v. BURNHAM.

In a petition under the statute for partition, assuming in none of its stages an adversary form, the appointment of commissioners by the Court to make partition is virtually and substantially equivalent to the entry of judgment *quod partitio fiat.*

And in such cases if the report of the commissioners be accepted by the Court and recorded as the statute requires, the entry of the final judgment *quod partitio prædicta firma et stabilis,* &c. does not seem to be indispensably necessary.

The entries in the dockets, even if inconsistent with the judgment, are yet inadmissible for the purpose of impeaching it.

IN this action, which was brought to recover seisin and possession of a parcel of land in *Scarborough,* the demandant counted on his own seisin within thirty years, and alleged a disseisin by the tenant, who pleaded *nul disseisin.*

To prove the issue on his part the demandant offered in evidence an attested copy of a judgment of the Court of Common Pleas, held at *Portland, May* term, 1796, on the petition of the demandant for partition of certain lands, of which the demanded premises were a part. This judgment recited the substance of the petition, and an order of notice thereon,—stated that notice had been given pursuant to the order,—that no objection was made against the petition,—that thereupon a commission was issued to certain freeholders to make partition according to law,—that the process was thence continued to a subsequent term,—at which time the commissioners made report of their doings, setting off the demanded premises to the present

demandant,—" which report is accepted by the Court." And it appeared that the partition was recorded in the Registry of deeds.

The counsel for the tenant objected to the admission of this judgment in evidence, until the petition for partition, under which the proceedings in the Court of Common Pleas were had, was first produced;—and further objected the irregularity and deficiency of the proceedings, apparent on the face of the judgment itself;—and also that it varied from, and was even inconsistent with the several entries in the dockets, made from term to term under the case of said petition for partition while the same was pending in the Court of Common Pleas, and offered the several dockets referred to as evidence to support this last objection. But the Judge who presided at the trial of the cause, for the purpose of saving the questions of law for the consideration of the whole Court, overruled all these objections.

The tenant then proved by several witnesses that since the judgment and proceedings in partition, the tenant had held the exclusive, quiet and undisturbed possession of the demanded premises; and there was no evidence that the demandant had ever interfered during the whole of that period, until about the time of commencing this action; nor that he ever, before the judgment for partition, had the actual occupancy, either as tenant in common or otherwise, of any part of the lands of which partition was prayed.

The demandant, to rebut any presumption which might arise of any supposed waiver of his claim under the judgment for partition, and to repel any suggestions of fraud in its procurement, then proved that the tenant and one *Thomas Burnham* were, with several other children, joint heirs of a certain farm, of which the demanded premises are a part, and being the same lands of which partition was prayed; that the administratrix of *Thomas Burnham,* at public auction *April* 16, 1792, sold the share of said *Thomas* to the demandant and executed a deed of the same to him, which was duly acknowledged and recorded, at which sale the tenant was present, and was a bidder; that it was this share which was afterwards set off to the demandant upon his petition for partition; and that the tenant well knew all the facts respecting the partition, the commissioners having giv-

en him notice, met at, and proceeded from his house to discharge the duties of their commission.

Upon this evidence the Judge directed the jury to consider the proceedings and judgment for partition proved in the case as sufficient to maintain the demandant's right to recover; and they accordingly returned a verdict for the demandant; which was to be set aside if the evidence, offered by the demandant and objected to by the tenant, was improperly admitted, or if the dockets and entries referred to ought to have been admitted, or if the Judge's instructions to the jury were erroneous.

*Emery, for the tenant,* at the last term, took several exceptions to the evidence offered by the demandant.—1. The petition itself is uncertain, neither naming the co-tenants, nor alleging that they were unknown, nor describing the estate with sufficient certainty.—2. It does not appear *how,* or *what* notice was given. The Court, in this particular, perform a duty purely ministerial; and by the rules applicable to the acts of ministerial officers they should have stated specially the kind of notice and the manner in which it was given, that it might appear that the statute was complied with.—3. There is no record of any judgment *quod partitio fiat,* and without such judgment the Court had no authority to appoint commissioners to make partition ; nor is there any final judgment *quod partitio prædicta, stabilis,* &c.—4. It does not appear, in any part of the proceedings, that the commissioners were freeholders; and none but such were qualified, by the statute, to make partition.—The statute was enacted, not to introduce new principles, but to make partition more easy ;—to provide a remedy for the inconveniences of a tenancy in common with infants, or with persons unknown. It furnishes new facilities, by providing a mode of notice conclusive on all parties in interest ; but it in no wise authorizes any departure from the spirit of the common law, the rules of which are applicable in all their force, as well to the remedy by petition as to that by writ. 5 *Com. Dig. Parceners C.* 9. *Co. Lit.* 168. *b.* 171. *note. Stat.* 8. & 9. *W.* 3. *c.* 31. 2 *W. Bl.* 1159. 5 *Vin. Abr. suppt.* 337. 338. *Ramsdell v. Creasey,* 10 *Mass.* 170.

He further adverted to the docket of the Court of Common Pleas for *May* term 1796 where the entry under the demandant's petition was, " demurred, defendant's plea good "; and this

he contended, must have carried the cause out of the power of that Court, else this evil arises, that it cannot be determined which parcel of the land was ordered to be partitioned.

*Longfellow, for the demandant.*

The docket is merely a private minute kept by the clerk, of an inferior grade of evidence, and utterly inadmissible to control the record of a judgment, which is the highest evidence, and against which no averment can be received. This solemnity has been accorded even to the judgments of foreign tribunals, so far as regards the facts found in them ; *a fortiori* it ought to be given to those of our own. *Phillips' Evid.* 219. *note. Cogswell v. Burns,* 9 *Johns.* 287.

As to the objections taken to the judgment in partition as being apparent on the face of it, he denied that the duty of the Court in the matter of *notice* was purely ministerial. Notice was ordered to be given according to the directions of the law. Afterwards, it appearing that such notice had been given, commissioners were appointed. Here was a declaration that legal notice had been given, and this by the only tribunal competent to judge of its sufficiency, and one to which was specially committed the exposition and administration of the law. The objection of the want of a judgment *quod partitio fiat* is founded on the common law, where the interlocutory judgment is necessary only when there is an adverse appearance. If there is no such appearance to oppose the partition, it is taken *pro confesso*, and the special entry of such judgment is unnecessary. By the *Stat.* 1783. *ch.* 41. there was no provision made for any interlocutory judgment; and if there was an adverse appearance the proceedings were necessarily suspended. This inconvenience was remedied by the subsequent *Stat.* 1786. *ch.* 53. which provided that if any person was aggrieved by such judgment, he might appeal to the Supreme Judicial Court. But what possible benefit could result from a judgment, when no person appeared to demand it, to contest its regularity, or to appeal from it ? *Cook v. Allen,* 2 *Mass.* 462. *Simmons v. Kimball,* 3 *Mass.* 299. In the case of *Ramsdell v. Creasey,* there had been notice ordered by the Court, which had never in fact come to the knowledge of the party contesting ; and the question was whether he should come in *after* the judgment *quod partitio,* &c. which

the Court admitted him to do, *de bene esse,* but not vacating the judgment for partition.

But even admitting that this judgment is defective in form; yet such has been the form in use in this country very many years, under which many estates are held ; and if these defects are held incurable, very extensive mischiefs will ensue. Courts have often sanctioned proceedings in some respects defective, and growing out of the infancy of the country, where the consequence of repudiating them would be the extensive subversion of titles to real estates. And such was recently the case in this county in relation to the proceedings in the Courts of Probate where there had been no judgment of the probate of wills.

Neither is the objection well founded that the commissioners do not appear to have been *freeholders.* They are so described in the *commission,* which is part of the record. Had they not been so described, the fact might be proved or disproved by testimony ; but being so styled, it is conclusive.

Nor does the statute require any final judgment *quod stabilis,* &c. It merely enacts that partition being so made, accepted by the Court, and recorded there, and in the Registry of deeds, it shall be sufficient. It substitutes certain proceedings, *instead* of the process and judgment at common law. Those proceedings being had, are conclusive on all parties and privies, and on all who could have come in while the process was pending.

*E. Whitman, in reply.*

Both the statutes of *Massachusetts* on the subject of partition are made with reference to the existing state of the remedy at common law. And in this remedy a judgment *quod partitio,* &c. and a final judgment were essential. The inconvenience of this mode of relief was felt where minors were co-tenants, or where some of the part owners were unknown. In *England* this evil was provided against by Chancery. But having no Courts of equity here, the legislature provided the remedy by petition, leaving it to be governed by the rules of the Courts of equity. It is an enabling statute, intended to extend the benefits of these tribunals to the case of partition of lands, but not to dispense with any known principles of law, much less to authorize partition without judgment of law. It obliges the Courts to render judgment as the law requires," and admits the respondent to ap-

peal from a judgment *quod partio fiat.* Now what law could the legislature mean, but the common law? And why provide for an appeal from such judgment, unless it was necessarily incident to the course of proceeding by petition?

If, as is contended, the Court had power to judge of the sufficiency of the proceedings, it was necessary they should exercise that power. If their duty was not ministerial but judicial, then it is indispensable that there should be a *judgment.* The mere *acceptance* of the report is of no greater dignity than the acceptance of a bill of exchange.

Nor is it to be *presumed* that the commissioners were freeholders. The legal presumptions in such cases are always against the party who lies by, as the demandant has done, and are always in favor of the party in possession. It is only to *support* the possession that Courts have gone thus far; the possession being the great *indicium* of ownership.

The cause having been continued to this term for advisement, the opinion of the Court was delivered as follows, by

Weston J. From the evidence in this case it clearly appears, that at the time the demandant preferred his petition for partition of the lands, of which the demanded premises constituted a part, he was actually seized, as tenant in common, of the share which was afterwards set off to him in severalty, by a title emanating from the same source with that under which the tenant held; and that the latter had a full knowledge of the origin of the right of the demandant, and of the proceedings under the process for partition. If, therefore, these proceedings can be supported in point of form, the claim of the demandant appears to be well founded upon the merits.

It is objected, on the part of the tenant, that the attested copy of the judgment of the Court of Common Pleas, upon which the demandant relies, is not of itself sufficient evidence, without the production of a copy of the original petition for partition. But we know of no rule or principle of law which requires the exhibition of this paper, as additional evidence of the facts recited in the judgment, any more than a copy of the original writ, in support of a judgment in ordinary cases. The regularity of the antecedent proceedings is presumed; and can be impeached

only upon error brought to reverse the judgment. And for this reason the entries in the several dockets were properly rejected ; the judgment deriving from them no additional verity, and they being entirely inadmissible for the purpose of impeaching it. If indeed, by the misprision of the clerk, a judgment has been erroneously entered up, the Court may in a summary manner, in their discretion, order its correction. But in a case within its jurisdiction, full faith and credit is to be given to the judgment of a court of record ; and, except upon a writ of error, it is not to be controverted by any plea or evidence whatever.

It is further objected, that there was in this case no formal entry of the interlocutory judgment, *quod partitio fiat.* It is certainly proper and suitable that this judgment should be entered; although we understand that, in many of the counties, it was generally omitted in the Courts of Common Pleas. How far this exception might be sustained, if the proceedings were before us upon a writ of error, it is not necessary now to determine ; but we are of opinion that the process in question, not having in any of its stages assumed an adversary form, the appointment of commissioners by the Court to make partition, was virtually and substantially equivalent to the entry of the interlocutory judgment.

It is also insisted that it does not appear that the commissioners appointed were freeholders; but their commission describes them as such, and such they must be presumed to be, at least until the contrary is shewn, if indeed this could be permitted to be done in the trial of the present action.

The counsel for the tenant lastly contend, that the final and principal judgment, *quod partitio prædicta firma et stabilis,* &c. was not rendered by the Court. The statute however provides, that the division or partition made by the commissioners, " being accepted by the said Court, which ordered the division to be made, and there recorded, and also recorded in the Registry of deeds, in the county where such estate lies, shall be valid and effectual to all intents and purposes." *Stat.* 1783. *ch.* 41. *sec.* 1. This having been done in the case objected to, we do not feel warranted in deciding that the power and authority, given by the statute to the Court, was not sufficiently executed ; especially when it is considered that the same form of proceed-

ing was formerly very extensively adopted in the Common Pleas.

There being however a strong analogy between the process for partition by petition, and that by a writ of partition at common law, the former being a substitute for the latter, it is in the highest degree proper that, in the proceedings under each of these remedies, both the interlocutory and final judgments should be entered, according to the forms prescribed by the common law.

We must not lose sight of the consideration, that the demandant in this action relies upon a subsisting judgment, of a Court having jurisdiction of the subject matter. Had the irregularities in the antecedent proceedings been pointed out and assigned upon a writ of error, we do not take it upon us to declare that they might not have been deemed fatal to the judgment; but it is upon that process only, as has been before remarked, that it can by law be suffered to be impeached.

Upon the whole we are satisfied that none of the objections, made by the counsel for the tenant, to the opinions and direction of the Judge, who presided at the trial, can be sustained, and that

*Judgment must be entered upon the verdict.*